UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

**JASON GOLDFARB**,

                              Petitioner,

                                           **1:15-CV-00959-RJS**

      -against-

**UNITED STATES OF AMERICA**

                              Respondent.

-------------------------------------------------------------------X





## REPLY MEMORANDUM TO GOVERNMENT'S FILING

JASON C. GOLDFARB
Pro Se
317 East 85th Street PHC
New York, New York 10028
(917) 691-6684
jfarb86@aol.com

Dated:  New York, N.Y.
        May 27, 2015

_____
Jason C. Goldfarb

JASON C. GOLDFARB
Pro Se
317 East 85th Street PHC
New York, New York 10028
(917) 691-6684

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

**JASON GOLDFARB**,

                              Petitioner,

     -against-

**UNITED STATES OF AMERICA**

                             Respondent.

---------------------------------------------------------------------X

**ECF CASE**

**1:15-CV-00959-RJS**

Dated:  New York, N.Y.
       May 27, 2015

_____
                  Jason C. Goldfarb

Petitioner, Jason Goldfarb ("Petitioner") hereby ask the Court to consider this reply memorandum in response to the government's answer filed April 27, 2015.  While it is his hope in the future to have the opportunity to present and further his arguments at a hearing before your honor, petitioner felt compelled to file this reply to respond to some of the governments statements in the event that opportunity isn't forthcoming.

Petitioner, would first note that prior to filing the writ of coram nobus, as a courtesy and as to not waste the governments and Courts valuable time and resources , he contacted AUSA Richard Tarlowe,  the AUSA who litigated the matte. Petitioner spoke with AUSA Tarlowe in detail about his desire to file a motion making an inquiry as to the fine that had been assessed to him and no other defendant.   AUSA Tarlowe agreed that while it was clearly within your Honor's right to asses any fine your Honor deemed appropriate, that it wasn't outside the realm of possibility that an error could have been made especially since review of all of the judgment and commitment orders showed that the petitioner was the sole defendant issued a fine.

After speaking with Mr. Tarlowe telephone, on October 29, 2014, petitioner sent AUSA Tarlowe an inquiry via email which included a draft of the motion, along with some transcripts and judgment and commitment orders and Mr. Tarlowe agreed to look into the issue and get back to him with what the governments position would be should petitioner decide to move forward and file a motion with the Court.  Over the next few months the petitioner and AUSA Tarlowe spoke a number of times both via telephone and email, as he "ran it up the chain of command". (See Exhibit A- Various email correspondence between petitioner and AUSA Tarlowe)

The end result was that AUSA Tarlowe determined that while both he and the United States Attorneys Office weren't sure if the writ of coram nobus was the proper motion to address an issue such as what was being presented, the government's position to the Court would be, that it was not going to "oppose" your Honor correcting the fine if in fact an error was made. Something he agreed only your honor could attest to, and the petitioner was assured that the governments answer was going to be a generally neutral one. Not a reply that would focus on attacking the petitioners character instead of addressing the actual issue at hand, if in fact an error was made.

On or about February 2015 it was announced that Mr. Tarlowe was leaving the United State Attorney office for private practice. Obviously, this was a concern to the petitioner since he was the attorney with whom the petitioner had been exclusively dealing with in regard to this matter. The petitioner once again spoke to AUSA Tarlowe, who assured him that he had already left his notes and had actually drafted the governments answer and that he had left it with the proper parties taking over for him and informed the petitioner that his answer would be filed in his absence. However, it doesn't appear that is what occurred. While it is clearly within the United States Attorneys Office right to change their position, it was rather disappointing to the petitioner to be assured of one thing and then receive quite a different response, especially given the courtesy the petitioner afforded the government, and the delay in doing so caused.

Had the petitioner known their reply was going to take a different position and tone than what was discussed, and spend essentially all twelve pages of their memorandum reiterating what a horrible person they believe the petitioner to be, instead

of focusing on the issue at hand,  perhaps petitioner would have chosen not to file the writ, or changed the path which would be traveled.

In their reply, instead of simply admitting the obvious,  that there clearly was an admitted discrepancy in sentencing in that the petitioner was the sole defendant assessed a fine, something that cannot be disputed.  The government chose to highlight the petitioners bad choices and wrongful actions which really do not have to do with the issue of whether the fine was meant to be assessed only to Mr. Goldfarb.  The government didn't allege that the petitioner was worse than any of the other defendant's and from their prior filings it would seem they feel he was not as bad as many of the others who were not fined

The government never addresses or gave any opinion as to the reasoning why Mr. Goldfarb was the sole defendant assessed a fine.  If they were being completely forthcoming and honest their real focus should have been on the fact that while it was and is clearly within your honor's power to assess such a fine as has always been the petitioners position, that there is at least a possibility that an error was made and that it was not your Honor's true intent to solely issue Mr. Goldfarb that fine.  This is something the petitioner has been open and honest with from that start, in that the question is something only your honor knows the answer to.

Furthermore, the argument made by the government that "Goldfarb, however points to no irregularities- much less any constitutional infirmities" is simply untrue.   Is the fact that he was the sole defendant fined, even both Zvi Goffer and Emanuel Goffer went un-fined, is that not an irregularity?   Is a disparity in sentencing not a constitutional infirmity? Clearly an argument can and should be made that in fact it is.

The governments contention that the petitioners attorneys failure to object to the Pre-Sentence Report (the "PSR) should have any bearing on the question presented and issue at hand is without merit. Almost of the defendants in the matter had a PSR with the same information and recommendations regarding fines and yet no other defendant was actually fined.

Additionally, AUSA Ciucinella was not actually present at the sentencing, and there was in fact a series of events which the petitioner feel perhaps could have led to your honor assessing the fine in error. At one point after your Honor began imposing the sentence, Mr. Goldfarb's attorney Mr. Soshnick spoke out of turn and questioned if your honor was aware of the probation recommendation regarding the custodial sentence (Sentencing Transcript Page 88 Lines 4-10). This led to a chaotic moment where your honor rightfully scolded Mr. Soshnick for speaking out of place, and asking you such a absurd question. Then there was some talk of restitution and an error was made and then seemingly corrected (Sentencing Transcript Page 89 lines 8-12). While it doesn't translate perfectly on paper, as often it is the case that the tone of an exchange is sometimes lost when you weren't there to witness it for yourself in person. It is the petitioners belief that it was perhaps the chaos around this time which could have led to the fine being assessed to the petitioner in error.

The governments position that the petitioners motion should be denied because of the "year and a half delay from the time of his release to the filing of this petition" is frivolous. If they wanted  an explanation all the needed to do was ask Mr. Goldfarb, Mrs. Paula Dunn or even Mr. Tarlowe, who all were made fully aware of the reasoning behind any delay.

When Mr. Goldfarb's counsel filed the notice of appeal on or about March 16, 2012 the sole basis for that notice of appeal was that the government admittedly had made an error in the forfeiture order they submitted to the Court. The government acknowledged this error and informed Mr. Goldfarb's attorney that they wished to just settle the forfeiture but it would take some time. At that time, the notice of appeal was simply filed protectively while the forfeiture settlement was worked out. When the government kept its promise to work out the forfeiture, and it was settled in its entirety at that time there became no need to perfect the appeal.

As for the fine itself, it was the petitioners understanding that when he settled the forfeiture with AUSA Sharon Levin, he owed nothing additional and that the fine issue was resolved with payment in full of the forfeiture. It was not until the petitioner reported to probation in August 2013 that for the first time Mr. Goldfarb was informed that they were showing in their system that a fine was still outstanding.

The issue was immediately discussed with Mr. Goldfarb's probation officer at the time, Mrs. Paula Dunn. At her request he produced the forfeiture settlement, and she explained she was going to look into the issue, and hold any fine payments in abeyance and get back to Mr. Goldfarb once she had an answer. At visit after visit she continued to be unable to have the government respond to her inquiries regarding the fine. Mr. Goldfarb continued to inquire with each visit to no avail, and he could not afford to retain an attorney to look into the matter at the time. It wasn't until much later that the petitioner was finally informed that the position of the government was that the fine was not encompassed in the forfeiture settlement and would be viewed as outstanding and then he took appropriate action.

At that time after a discussion with some of those involved in the case,  Mr. Goldfarb then contacted AUSA Tarlowe and began discussions on what options there were to make such an inquiry and to get his input to see what would be the best way to make such an inquiry without draining this Court or the United States Attorneys Office's valuable time.

Mr. Tarlowe was both receptive and helpful and had the draft of the writ for many months while he ran it by his supervisors so he could advise Mr. Goldfarb of the position that would be taken (See Exhibit A).  For the government to deem Mr. Goldfarb's contention and timeline "not credible" is completely unjustified, and before they chose to label the petitioner not credible they should have either spoken with him or the AUSA in their own office who was fully informed of the circumstances.   For a new AUSA to come in at the end, making allegations without even taking the time to speak to the petitioner or in the very least speak to the people in their own office who had been handling the matter (namely AUSA Tarlowe)lends no weight to this line of argument.

## CONCLUSION

Based upon the foregoing facts and argument, it is the petitioners contention that the government's reply is without merit.  It is the petitioners position that they would have been better served by simply asking your honor if it was his intention to solely issue a fine against Mr. Goldfarb and no other defendant. The petitioner was completely forthcoming in his submission that if issuing that fine to Mr. Goldfarb was your Honor's true intention, it was as you are already aware fully within your right to do so.  If that ends up being the case then the petitioner apologizes to the Court for taking up its valuable time.

The government and AUSA's in this matter until this point never once lobbied or argued for a fine to be assessed throughout the entire process, so why does it seem they are so intent on having your honor be unable to make a modification/correction, if it is indeed warranted.

However the government in their reply did make reference to 18 U.S.C 3572 (d) (3) as being another method for modification of the fine. Should you honor find a motion under this section to a better way to deal with the issue at hand, the petitioner will be happy to file a supplemental motion under that section or in any manner this Court deems appropriate. The government is always supposed to want to see justice served, and if it was not your Honors true intention to solely fine Mr. Goldfarb then perhaps the parties can come together and figure out a solution all parties would be amendable to.

Finally, the petitioner would like to take a moment to make very clearly that the filing of this motion and everything stemming from it in no way should be construed as Mr. Goldfarb not being remorseful or taking full responsibility for his actions, he has made it his goal in life to show everyone, including the government, society and especially your honor just how sorry he is, and how hard he tries each and every day to make this clear to anyone and everyone he crosses paths with.

Dated: New York, New York
        May 27, 2015

Jason C. Goldfarb
Pro Se
317 East 85th Street Apt #PHC
New York, New York 10028
Tel: (917) 691-6684
Email: jfarb86@aol.com

**CERTIFICATE OF SERVICE**

I, Jason Goldfarb, the petitioner who is representing himself, Pro-Se, hereby certify that on May 27 , 2015 I caused a copy of the forgoing Reply to be served via mail to AUSA Brooke   Cucinella   at   One   St.   Andrews   Plaza,   NewYork,   NY10007

Dated:   New York, New York
         May 27, 2015

_____
  Jason Goldfarb
  Pro Se
  Petitioner

# EXHIBIT A

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Wed, Oct 29, 2014 5:56 pm
Subject: Jason Goldfarb

Mr. Tarlowe,

I apologize for bothering you as I know how busy you are, but the attorney who had previously represented me in regard to the forfeiture a former AUSA himself, named Evan Barr gave me some free advice and suggested that I reach out to you again prior to submitting my filing to the Court.   We had spoken about a month ago, and I was just giving you a heads up as a courtesy about the filing that was to follow.

Mr. Barr suggested that I reach out to you again, with the suggestion that if there was any chance you or your office would be amendable to avoid the time necessary to deal with my filing that if you perhaps might instead be amendable to petition the Court for Modification or remission of the $32,500 fine which was issued under 18 § USC 3573 (see below) to avoid my filing.  I have attached a draft of my filing (Writ of Coram Nobus) which is ready to be filed with the Court.   Or perhaps you have a different suggestion as to a way this matter could be settled or worked out.

I am not trying to be an annoyance, and do not want to bog you down with a pro-se filing, I just truly believe that the Judge didn't intend to treat me differently than each of the other co-defendants, and while $32,500 doesn't sound like a lot, it seems insurmountable to me.  Please in no way take my filing or request as me not being contrite, because I have really done my best to do right and show anyone and everyone just how sorry I am for my actions.

I truly appreciate your time and will await your reply.

Sincerely,

Jason Goldfarb


18 U.S. Code § 3573 - Petition of the Government for modification or remission

Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—
(1)  remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties;(2)   defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or (3)   extend a date certain or an installment schedule previously ordered.
A petition under this subsection shall be filed in the court in which sentence was originally imposed, unless the court transfers jurisdiction to another court. This section shall apply to all fines and assessments irrespective of the date of imposition.

-----Original Message-----
From: Tarlowe, Richard (USANYS) (USANYS) <Richard.Tarlowe@usdoj.gov>
To: Jason <jfarb86@aol.com>
Sent: Wed, Oct 29, 2014 7:46 pm
Subject: RE: Jason Goldfarb

Mr. Goldfarb,

Let me take a look at this and get back to you.  Give me a few days, if you don't mind.

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Fri, Nov 14, 2014 1:10 pm
Subject: Re: Jason Goldfarb

Mr. Tarlowe,

I was just touching base with you to see if you were able to look into what we discussed and what
I sent you.  I know you are extremely busy and that this is justifiably very low in importance on
your things to do, so understand I get that and I am by no means rushing or trying to bother you.

But I just wanted to touch base, make sure you didn't forget about me and see if you had any
thoughts on what if anything could be done.   Again thank you so much for your time and help I
truly appreciate it.

Sincerely,

Jason Goldfarb

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Mon, Jan 5, 2015 4:08 pm
Subject: Fwd: Sentencing Transcript

Mr. Tarlowe,

Attached is the sentencing transcript you requested, I was able to find a copy in my email.

Thank you again for your time and help with this, as I said I am really struggling and truly
appreciate your assistance.

Sincerely,

Jason Goldfarb

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Tue, Jan 20, 2015 5:33 pm
Subject: Jason Goldfarb

Good Evening Mr. Tarlowe,

I hate to bother you again as I know this is not very important and that you are
clearly busy, but I just wanted to check on the status of your office being able to
provide that letter for me to include with my Coram Nobus petition to Judge
Sullivan to  remove the fine that was assessed to me and no other
defendant,   saying your office would not take a petition and would not appeal
what was perhaps an error etc, thus not creating any problems/a mess for the
Judge should he choose to modify the fine.

I truly appreciate all your help should you need anything additional etc please let
me know, and again sorry to bother you.

Sincerely,

Jason Goldfarb
(917) 691-6684

-----Original Message-----
From: Tarlowe, Richard (USANYS) (USANYS) <Richard.Tarlowe@usdoj.gov>
To: Jason <jfarb86@aol.com>
Sent: Wed, Jan 21, 2015 3:03 pm
Subject: RE: Jason Goldfarb

We're looking into it.  If you don't hear from me by Monday, call or email me then and I will be able to tell you what our position is.

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Wed, Jan 21, 2015 5:01 pm
Subject: Re: Jason Goldfarb

Will do. I appreciate your help

-----Original Message-----
From: Tarlowe, Richard (USANYS) (USANYS)
<Richard.Tarlowe@usdoj.gov>
To: Jason (jfarb86@aol.com) <jfarb86@aol.com>
Sent: Thu, Feb 5, 2015 10:15 am
Subject: can you talk today?

I wanted to get back to you about the fine issue.

-----Original Message-----
From: Jfarb86 <jfarb86@aol.com>
To: Tarlowe, Richard (USANYS) (USANYS) <Richard.Tarlowe@usdoj.gov>
Sent: Thu, Feb 5, 2015 10:21 am
Subject: Re: can you talk today?

Sure would you like me to call you now


On Feb 5, 2015, at 10:14 AM, Tarlowe, Richard (USANYS)
< Richard.Tarlowe@usdoj.gov> wrote:

I wanted to get back to you about the fine issue.

-----Original Message-----
From: Tarlowe, Richard (USANYS) (USANYS)
<Richard.Tarlowe@usdoj.gov>
To: Jfarb86 <jfarb86@aol.com>
Sent: Thu, Feb 5, 2015 10:22 am
Subject: RE: can you talk today?

What's your number?  I have a conference call now but can call you afterwards.

-----Original Message-----
From: Jfarb86 <jfarb86@aol.com>
To: Tarlowe, Richard (USANYS) (USANYS) <Richard.Tarlowe@usdoj.gov>
Sent: Thu, Feb 5, 2015 10:22 am
Subject: Re: can you talk today?

Great thanks
My number is 917-691-6684.

-----Original Message-----
From: Jfarb86 <jfarb86@aol.com>
To: Tarlowe, Richard (USANYS) (USANYS) <Richard.Tarlowe@usdoj.gov>
Sent: Fri, Feb 6, 2015 9:38 am
Subject: Re: can you talk today?

Good morning Mr. Tarlowe,

I didn't hear from you yesterday and wanted to know if there was a good time
today that I could call you.  Again I know your busy and sorry for bothering
you.

Thank you,

Jason Goldfarb
917-691-6684

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Fri, Feb 6, 2015 11:01 am
Subject: Writ Of Coram Nobus Service of Electronic Filing

Mr. Tarlowe,

As we have been discussing and just discussed this morning, attached is  a copy of my Pro-Se
filing of the Writ Of Coram Nobus with all exhibits.  I will be dropping it off to the  Court today.  I
truly thank you for your time and assistance in trying to resolve this matter, as I know how busy
you are and how valuable your time is.

When you file the reply letter we discussed, if possible can you please send a copy to me via this
email address.

Again thank you for your time and help,  I appreciate it.

Sincerely,

Jason Goldfarb

-----Original Message-----
From: Jason <jfarb86@aol.com>
To: Richard.Tarlowe <Richard.Tarlowe@usdoj.gov>
Sent: Wed, Feb 25, 2015 4:28 pm
Subject: Jason Goldfarb

Mr. Tarlowe,

I am not sure if the below reached you yet, but I saw it hit the ECF in the matter.  I hate to bother you and know you're busy and leaving the US attorneys office soon, was hoping that you may be able to reply prior to your departure, since you are who i have been dealing with and while I know  you said you discussed it those taking over for you, you just never know when someone else picks up a file.

I really appreciate your help with all this and anything that could be done.

Have a good evening,

Jason Goldfarb

**Full docket text for document 3:**
ORDER TO ANSWER: The Court, having received Petitioner's petition for a writ of error coram nobis seeking to vacate the fine imposed on him in United States v. Goffer, No. 10-CR-56-3 (RJS) (S.D.N.Y.), hereby ORDERS that: The United States Attorney for the Southern District of New York shall file an answer or other pleadings in response to the motion, along with transcripts of any relevant proceedings not already contained in the record, within sixty days of the date of this order. Petitioner may file reply papers, if any, within thirty days from the date he is served with Respondent's answer. It is further ORDERED that the Clerk of Court serve copies of this order, the motion and all other papers in support thereof, by certified mail upon the United States Attorney for the Southern District of New York. (Signed by Judge Richard J. Sullivan on 2/24/2015) (mro)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| | | | |
| | | | |
| 02/25/2015 16:23:08 | | | |
| **PACER Login:** | jg6922:4136021:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:15-cv-00959-RJS |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |
| | | | |